IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-00133-CMA

ASHER BROWNE, *pro se*,

    Plaintiff,

v.

ANDREW SAUL, *Commissioner of Social Security*,

    Defendant.

## ORDER REVERSING DENIAL OF SOCIAL SECURITY DISABILITY BENEFITS

This matter is before the Court on review of the Social Security Commissioner's decision denying Plaintiff Asher Browne's[1] application for disability benefits. Jurisdiction is proper under 42 U.S.C. § 405(g). For the following reasons, the Court reverses the decision of the Commissioner.

### I.     BACKGROUND

Ms. Browne was born in 1981, and she was most recently employed as a waitress in 2002. (Doc. # 13-3 at 67, 87.)[2] Ms. Browne has been diagnosed with

---

[1] Ms. Browne is proceeding *pro se* in this case. Therefore, the Court construes her filings liberally, but may not act as her advocate. *Alford v. Comm'r, SSA*, 767 F. App'x 662, 664 (10th Cir. 2019) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). That means that the Court "cannot take on the responsibility of serving as [Ms. Browne's] attorney in constructing arguments and searching the record." *Crampton v. Comm'r, SSA*, 778 F. App'x 574, 577 (10th Cir. 2019) (quoting *Garrett*, 425 F.3d at 840).

[2] All the exhibits filed at Doc. # 13 constitute the Administrative Record in this matter. The Court cites to the docket number of the exhibit (e.g., "Doc. # 13-3") and the page number from the

multiple sclerosis, bipolar II disorder, attention deficit hyperactivity disorder ("ADHD"), post-traumatic stress disorder ("PTSD"), and generalized anxiety disorder. (Doc. # 13-2 at 13, 16.) Additionally, in February 2015, Ms. Browne's former partner caused her to suffer a traumatic brain injury by "slam[ing] [her head] into a door lock repeatedly." (*Id*. at 16.) Because of the violence in her home, Ms. Browne and her three children—one of whom is disabled—sought refuge in a domestic violence shelter for over 100 days. (*Id*. at 50.) They have all been in therapy for PTSD since that time. (*Id*.)

In August 2016, Ms. Browne filed an application for supplemental security income, alleging disability beginning in April 2007. After her claim was initially denied, Ms. Browne filed a request for a hearing, which took place on July 23, 2018, before an Administrative Law Judge ("ALJ"). An impartial vocational expert also appeared at the hearing. On September 28, 2018, the ALJ issued a decision which concluded that Ms. Browne was not disabled for purposes of the Social Security Act. Thereafter, Ms. Browne sought review of the ALJ's decision from the Social Security Administration Appeals Council. However, her request for review was denied, and the ALJ's decision became the final decision of the Commissioner of Social Security. This appeal followed.

## II.  **STANDARD OF REVIEW**

When reviewing the Commissioner's decision, this Court is limited to determining "whether the findings are supported by substantial evidence and whether the Secretary applied the correct legal standards." *Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social

---

Administrative Record (e.g., "at 67"). The page numbers are reflected in the lower right-hand corner of each page in the Administrative Record.

Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 217 (1938). "[T]he **threshold for such evidentiary sufficiency is not high**." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Thus, a decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted).

In reviewing the record to make the substantial evidence determination, the Court "may not reweigh the evidence nor substitute [its] judgment for the Secretary's." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). In addition, the Court "may not displace the agency's choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo." *Lax*, 489 F.3d at 1084 (quotation marks and citation omitted). Also, the Court "defer[s] to the ALJ on matters involving the credibility of witnesses." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

Additionally, "[f]ailure to apply the correct legal standard or to provide this [C]ourt with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). "There are specific

rules of law that must be followed in deciding whether evidence is substantial in these disability cases." *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

However, not every error in evaluating evidence or applying the correct legal standard warrants reversal or remand. "Courts may not reverse and remand for failure to comply with a regulation without first considering whether the error was harmless." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (recognizing that the Tenth Circuit has "specifically applied [the principle of harmless error] in social security disability cases" and collecting cases). Harmless error exists where it is "inconceivable" that a different administrative conclusion would have been reached absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

### III. DISCUSSION

The Court liberally construes Ms. Browne's Opening Brief (Doc. # 20) as arguing that the ALJ failed to adequately consider and develop the record. The Court finds that the ALJ erred by inadequately developing the record with respect to Ms. Browne's PTSD. The ALJ also erred by failing to consider relevant evidence that the vocational expert presented. The Court will analyze each issue in turn.

### A. THE ALJ DID NOT ADEQUATELY DEVELOP THE RECORD

"Although a claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Carter v. Chater*, 73 F.3d 1019, 1021 (10th Cir. 1996) (quoting *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479-80 (10th Cir. 1993)). This means that

4

"the ALJ has the duty to obtain pertinent, available medical records which come to his [or her] attention during the course of the hearing." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quoting *Carter*, 73 F.3d at 1022). Moreover, "'the ALJ's duty is heightened' when a claimant . . . appears before the ALJ without counsel." *Id*. (quoting *Henrie v. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993)).

At the disability hearing in the instant case, Ms. Browne stated, "[n]ow that I have multiple sclerosis and the PTSD . . . I'm working on treatment and recovery, full-time, and it's slow and it's hard, and I'm barely getting by just doing that." (Doc. # 13-2 at 56–57.) She explained:

> What usually triggers [the PTSD] is something that will inspire the problems with . . . flashbacks . . . and fear. [S]ome people will react really badly to a gunshot going off. I can react really badly to somebody saying the turn of a phrase, even, in stores, that just was something my ex used to say or something. And then I could just have a total . . . emotional meltdown and not be able to cope. So I . . . try my best to avoid my triggers, and I work with my therapist on desensitization . . . . But it's a very, very slow process.

(*Id*. at 55.) Therefore, according to Ms. Browne's testimony, her PTSD symptoms and flashbacks are arguably her most debilitating condition.

Nevertheless, despite categorizing PTSD as a "severe impairment," that "significantly limit[s] [Ms. Browne's] ability to perform basic work activities," and despite Ms. Browne's testimony that she was in ongoing treatment, the ALJ did not attempt to secure more detailed information about the extent to which the condition inhibits Ms. Browne's ability to consistently attend—or hold—a job. Further, the ALJ's decision does not cite to any medical evidence in the record that includes a detailed analysis of Ms. Browne's PTSD symptoms in particular. Therefore, based on Ms. Browne's

5

uncontroverted testimony regarding the severity of her PTSD, the record is insufficiently developed with regard to the impact of that condition on Ms. Browne's ability to work. *See, e.g.*, *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998) (where evidence regarding severity of a condition was "inadequate," ALJ had a "duty to seek additional information . . . *sua sponte*").

## B. THE ALJ FAILED TO CONSIDER RELEVANT EVIDENCE

Although "[i]t is not the place of the district court to weigh the credibility of complex, contradictory evidence," "it is the place of the district court to ensure that the ALJ has faithfully fulfilled [her] legal duties," one of which is "to adequately develop the record." *Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004). This duty is rendered "meaningless if the ALJ did not actually consider the evidence" in the record, meaning that the ALJ cannot "simply pick and choose . . . only such evidence that supports [her] determination, without affording consideration to evidence supporting the plaintiff's claims." *Id*.; *Maragl v. Colvin*, No. 13-CV-2435 KAM, 2015 WL 4600542, at *17 (E.D.N.Y. July 29, 2015) (remanding for failure to adequately consider the record where ALJ "did not adequately explain her reasoning" in denying disability benefits by citing certain evidence without "address[ing] statements from plaintiff" contrary to that evidence).

In order to determine whether Ms. Browne is able to do work that is available in the national economy considering her residual functional capacity ("RFC"), age, education, and work experience, the ALJ consulted a vocational expert. In her analysis of available jobs, the expert considered a hypothetical individual with Ms. Browne's age

6

and education who had various limitations. The hypothetical individual was able to "understand, remember, and carry out tasks of limited complexity" and could "tolerate occasional changes in routine work duties and tasks; and occasional interaction with supervisors, co-workers, and members of the public." (Doc. # 13-2 at 59.) The vocational expert concluded that there were numerous employment opportunities for such an individual.

Subsequently, Ms. Browne requested that the vocational expert consider limitations that were more specific to her conditions, such as "having a flashback from PTSD . . . during a work shift . . . ." (*Id*. at 61.) As a result, the ALJ asked the expert, "if an individual, say, were to have flashbacks such that, on average, two days out of a month an individual would have an unscheduled absence or have to leave work early . . . what impact would that have?" (*Id*.) The expert responded, "I would say that . . . would eliminate full-time competitive employment, if that degree of absenteeism was on a consistent basis." (*Id*. at 62.)

In the ALJ's decision, however, the ALJ did not address the features of Ms. Browne's PTSD that, according to the vocational expert, would eliminate full-time competitive employment. *See* (*id*. at 22–23). Rather, the ALJ merely recounted the employment opportunities that the expert had stated prior to considering the limitations that were more specific to Ms. Browne's PTSD. *Cf. Berryhill v. Barnhart*, 64 F. App'x 196, 200 (10th Cir. 2003) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." (quoting *Briggs ex rel. Briggs v. Massanari*, 248

F.3d 1235, 1239 (10th Cir. 2001)). Notably, the ALJ's decision did not cite to any evidence in the record that contradicts Ms. Browne's recitation of the severity of her PTSD flashbacks. Moreover, as the Court has previously discussed, the ALJ did not attempt to secure further information about Ms. Browne's PTSD that may have either corroborated or discounted Ms. Browne's testimony.

In summary, the ALJ failed to develop the record and failed to consider the entire record. These errors are not harmless because Ms. Browne's PTSD appears to be her most debilitating condition and coping with it may preclude her from working. As a result, the Court remands this case to the Commissioner so that the Commissioner may ascertain the degree to which Ms. Browne's PTSD and PTSD-related treatment requirements inhibit her ability to be employed.

## IV.　CONCLUSION

Based on the foregoing, the Court ORDERS that the decision of the Commissioner is REVERSED; this case is REMANDED to the Commissioner for further fact finding consistent with this Order. The Clerk of Court is respectfully directed to enter judgment accordingly.

DATED: March 12, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge